IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALDINE NAJERA LAWSON,

    Plaintiff,

vs.                                                                   Civ. No. 20-980 KK

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

    Defendant.

## ORDER

**THIS MATTER** comes before the Court on Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) with Supporting Memorandum ("Motion"), filed October 21, 2022. (Doc. 38.) Defendant filed a Response on November 4, 2022, stating that while she generally takes no position on such petitions, "to the extent the Court requires a response, the Commissioner has no objection to the petition in this case." (Doc. 39 at 2.) In her response, Counsel for Ms. Lawson clarified that she seeks $18,000.00 in fees. (Doc. 40.) Having considered the Motion and the relevant law, the Court finds the Motion is well taken and should be **GRANTED**.

## BACKGROUND

On December 18, 2017, and August 31, 2020, Plaintiff Geraldine Najera Lawson entered into two contingency-fee agreements with Francesca J. MacDowell, Esq., to represent her in the federal court review proceedings arising from her claim for social security disability benefits. (Doc. 38-1, Doc. 42.) Ms. McDowell successfully represented Ms. Lawson in two appeals to this Court resulting in reversal and remand to the Social Security Administration. (Doc. 34; *Lawson v. Berryhill*, USDC Civ. No. 17-1242 JHR ("*Lawson I*") Doc. 27.) And in both cases, the Court granted fees to Ms. Lawson as the prevailing party under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412. (Doc. 37 (awarding $6,400.00); *Lawson I*, Doc. 30 (awarding $6,950.00). Following this Court's second remand for further proceedings, the Social Security Administration ("SSA") awarded benefits to Ms. Lawson, finding that she has been disabled since September 2013. (Doc. 38-2 at 1.) The SSA sent Ms. Lawson a Notice of Award dated September 11, 2022, stating that it had withheld $29,697.02 to cover any attorney fees. (*Id.* at 3.) Counsel filed the instant Motion on October 21, 2022, in which she seeks an order authorizing fees pursuant to 42 U.S.C. § 406(b) in the amount of $18,000.00 for 71.45 hours of attorney work performed in the two appeals before this Court. (Doc. 38 at 4; Doc. 38-3; Doc. 38-4; Doc. 40.)

## LEGAL STANDARD

Attorney fees may be deducted from a successful claimant's award of past-due Social Security benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b). Courts may award fees for representation in court proceedings under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). In this case, as in many others, the EAJA award "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The statute requires that a fee award for representation before a court be "reasonable" and limits the award to no more than 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees—for example, fees pursuant to the EAJA and § 406(b)—are not collectively limited to 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008). However, if fees

are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2.

While § 406(b) permits contingency-fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements meet the statute's reasonableness requirement. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id*. at 807; *id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id*. at 807 n.17.

The statute does not contain a time limit for fee requests. However, such a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

## **REASONBLENESS DETERMINATION**

The fee agreements Ms. Lawson entered into provide that she "agree[s] to pay [her] attorney twenty-five percent (25%)" of all past-due benefits for work performed in this Court. (Doc. 38-1, Doc. 42.) The total fees sought in the Motion amount to 15.15% of the approximately $118,788.08 in past-due benefits. (*See* Doc. 38 at 3-4; Doc. 38-2 at 3 ($29,697.02 x 4.) Counsel's fee request of $18,000.00 is not disproportionately large in comparison to the amount of time spent on the case and results in an average hourly attorney rate of $252.00 for 71.45 hours, which is a lower hourly rate than many other § 406(b) awards in this District. *See, e.g.*, *Gallegos v. Colvin*, USDC Civ. No. 12-321 SMV (Doc. 32) (awarding $617.28 per hour); *Monger v. Astrue*, USDC Civ. No. 13-156 JB/CG (Doc. 37) (awarding $673.07 per hour); *Osborn v. Colvin,* USDC Civ. No. 15-cv-1069 KBM (Doc. 32) (awarding approximately $636 per hour);.*Lewnes v. Saul*, USDC Civ.

No. 18-275 LF (Doc. 31) (awarding $493.72 per hour). Ms. MacDowell has devoted her primary practice to this specialized area of the law since 1993 and states that she has represented more than 2000 claimants before this Court and has appealed dozens of cases to the Tenth Circuit Court of Appeals. (Doc. 38 at 2-3.) The Court finds that counsel was not responsible for any appreciable delay in resolution of this case which would cause concern regarding unfair attorney profiteering from the delayed accumulation of benefits. Counsel's efficient, successful representation of Ms. Lawson in two appeals which ultimately resulted in a fully favorable award of benefits dating back to the original 2013 onset date reflects the skill and expertise Ms. MacDowell has developed in Social Security law over the decades she has devoted her practice exclusively to appeals for social security disability claimants. Ms. MacDowell's fee request was also filed within a reasonable time after Ms. Lawson received notice of entitlement to past-due benefits. For all of these reasons, the Court finds that the fee request is both timely and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A) (Doc. 38) is **GRANTED.** The Court hereby authorizes **$18,000.00** in attorney fees for legal services rendered in the United States District Court, to be paid by the Social Security Administration out of the funds it withheld from Ms. Lawson's past-due benefits.

**IT IS FURTHER ORDERED** in accordance with *Gisbrecht*, 535 U.S. at 796, that counsel refund to Ms. Lawson the EAJA fees previously awarded by this Court in the total amount of $13,350.00, or if applicable, such portion of that fee not subject to offset under the Treasury Offset Program.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE